## CIRCUIT COURT OF THE CITY OF ROANOKE

Virginia Mutual
Insurance Co.
as subrogee of Vest

v.

Kenneth Burgess et al.

January 26, 2000

Case No. CL99-591

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff insurance carrier was subrogated to its insured's property damage claim and sued Defendant insurance carrier to recover the amount of its payment to its insured and to recover its insured's deductible. Defendant insurance carrier denies that Plaintiff has a right to sue for damages and alleges that § 38.2-2231, Code of Virginia (1950), as adopted in 1994, the statute which applies in this case, mandates arbitration of disputed liability and damage claims between insurers. Plaintiff argues that § 38.2-2231 is unconstitutional as it deprives it of the right to file lawsuits in the courts of this Commonwealth, that it denies it its constitutional right to trial by jury, and that it denies it its right to appellate review. The Court finds the Plaintiff's arguments to be persuasive.

The 1994 version of § 38.2-2231, which applies to this case, requires that insurance carriers "shall arbitrate and settle all disputed claims made for automobile physical damage between them ... ." and that "mandatory arbitration of disputed claims shall be limited solely to the issue of liability and damages." This statute denies insurance companies the right to file a lawsuit; it denies them the right to ask for a jury determination of contested facts; and it denies them the right to apply to the appellate courts for judicial review. When standard rules of statutory construction are applied, such as

reading § 38.2-2231 *in pari materia* with other statutes relating to the same subject matter, conflict occurs. See *Marian v. Marian*, 24 Va. App. 190, 197-198 (1997). The 1994 version of § 38.2-2231 is contrary to the provisions of § 13.1-627, which defines the general powers of corporations to include the right to sue and be sued in the courts of this Commonwealth. It is contrary to the provisions of § 8.01-336(A), which says that "The right of trial by jury as declared in Article I, Section 11, of the Constitution of Virginia and by statutes thereof shall be preserved inviolate to the parties." Yet the statute must have meant something or it would not have been enacted. *Williams v. Commonwealth*, 190 Va. 280, 293 (1949). If a statute is clear and unambiguous, a Court will give the statute its plain meaning. *Loudoun County Dept. of Social Services v. Etzold*, 245 Va. 80, 85 (1993). This statute is clear and unambiguous. In matters involving liability and property damages, the legislature clearly meant to deprive insurance companies of the right to sue in the courts of this Commonwealth, to deny them the right of access to trial by jury, and to deny them the right of access to the appellate courts. There is no other way to read this statute.

The Supreme Court has recently construed Article I, § 11, of the Virginia Constitution to include a guarantee of a trial by jury only to those who had a right to a jury trial at common law. *Pulliam v. Coastal Emergency Servs. of Richmond*, 257 Va. 1, 14 (1999). And that is precisely the case before us. Corporations had the right to sue and be sued and the right to own property prior to 1776 and prior to the inception of our original constitution and prior to the adoption of each new constitution thereafter. See *Turpin v. Locket*, 10 Va. (6 Call) 113 (1804). Their right to trial by jury existed at common law. *Bogle, Somerville & Co. v. Sullivant*, 5 Va. (1 Call) 561 (1799). The guarantee to the corporate parties of the right to sue in the courts of this Commonwealth, of the right to a trial by jury and of the right to the appeal of an adverse decision is preserved and guaranteed to them in Article I, § 11, and in Article VI, § 1, of the Virginia Constitution. The wording, application, and operation of the 1994 version of § 38.2-2231 is contrary to those preserved rights and is therefore unconstitutional, void, and of no force or effect.

Plaintiff insurance company's request for a trial, with or without a jury, is granted.